Oaruthers, J.,
delivered the opinion of the court.
William Hix, by his will of 1833, bequeathed to his wife certain slaves and othef property for life, and at *194 her death,- remainder to he divided among his children, so as to make all equal.
His daughter Mary married John T. Philpot, and Rebecca, Charles Philpot. In the year 1840, Charles bought of John T. the remainder interest of his wife Mary,- in the said property, and took their joint deed for the same, which was upon acknowledgment and privy examination, registered. On the 3d day of August, 1842, the said Charles sold the same interest to complainant, who after the death of Mrs. Iiix filed this bill against the executors, his vendor,- the said John T. and his wife Mary, and the other legatees, setting up his rights as purchaser of the interest of John T. and Mary his wife, and asking for an account.
Whereupon, the said Mary filed her cross bill, demanding that her rights be protected in said property, and that the same -be settled upon her for her own separate use.
Her rights are clear, as this is property never reduced to possession by her • husband, and no sale by him could affect her title, even if she signed and acknowledged the deed according to all the solemnities required by law for the conveyance of her real estate, as she did in this case. Yet, being under coverture, it is not binding upon her, in a case like this. This is not seriously contended for in the argument.
But secondly, it is insisted that the - complainant is entitled to a decree over against his vendor, Charles Philpot, upon the ground that, the law implies a warranty of title in personalty, although the deed does not contain it. And as all the parties are before the court, complete justice should be done..
*195 This proposition cannot be ' sustained for several reasons :
1. The law does not imply a warranty of title to personal property not in possession of the vendor, at the time of the sale, but which is out of his possession and claimed by another-, as in the case before us. In such cases the warranty must be express — it cannot be implied. The vendor may in a proper case, be made liable for fraud, but the action must be upon that ground, not upon a contract of warranty implied.
2. The facts in this case, show that there was no intention to warrant by Philpot, nor any such understanding on the part of Scott — it was an adventure for speculation with a risk of title, and all other consequences.
That it has turned out unfortunately, cannot change the law.
3. There are no charges in the bill to authorise any relief against Charles Philpot, even if the facts would justify it, which, as we have seen, they do not.
We cannot act upon the question of morals and good faith, on which counsel have commented, but are confined to the rules of law, which may not be so refined in every case.
The decree of the chancellor will be affirmed.